1   DAVID B. CASSELMAN (Bar No. 81657)
      dcasselman@wccelaw.com
2   MELISSA MEEKER HARNETT (Bar No. 164309)
      mharnett@wccelaw.com
3   JESSE B. LEVIN (Bar No. 268047)
      jlevin@wccelaw.com
4   **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
    5567 Reseda Boulevard, Suite 330
5   Post Office Box 7033
    Tarzana, California 91357-7033
6   Telephone:(818) 705-6800 • (323) 872-0995
    Facsimile:  (818) 705-8147
7
    Attorneys for Plaintiffs
8



FILED
CLERK U.S. DISTRICT COURT

FEB 22 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

9               **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MARTIN SHEEN, EDWARD ASNER,     CASE NO. CV12-01468 SJO (AJWx)
    ED HARRIS, VALERIE HARPER,
13  ED HARRIS, VALERIE HARPER,      **COMPLAINT FOR EQUITABLE**
    CLANCY BROWN, JAMES REMAR,      **RELIEF FOR:**
14  GEORGE COE, DIANE LADD,
    LAINIE KAZAN, NICHELLE          1)  **VIOLATION OF THE**
15  NICHOLS, RENEE AUBRY, JANE          **LABOR MANAGEMENT**
                                        **REPORTING AND**
16  AUSTIN, ERICK AVARI, STEVE          **DISCLOSURE ACT, 29**
    BARR, SARA BARRETT,                 **U.S.C. § 411;**
17  TERRANCE BEASOR, MICHAEL
    BELL, WARREN BERLINGER, JOE     2)  **VIOLATION OF THE**
18                                      **LABOR MANAGEMENT**
    BOLOGNA, RALPH BRENNEN,             **REPORTING AND**
19  ALEXANDRA CASTRO, JUDE              **DISCLOSURE ACT, 29**
    CICCOLELLA, CYNTHIA LEA             **U.S.C. § 481**
20  CLARK, DAVID CLENNON, JOE
21  D'ANGERIO, PATRICIA             3)  **VIOLATION OF THE**
                                        **LABOR-MANAGEMENT**
22  D'ARBANVILLE, DICK GAUTIER,         **RELATIONS ACT, 29 U.S.C**
    DOROTHY GOULAH, MARTY               **§ 185**
23  GREY, SUMI HARU, ANGEL
    HARPER, BASIL HOFFMAN, DAVID   4)  **BREACH OF CALIFORNIA**
24  HUDDLESTON, ANNE-MARIE             **COMMON LAW**
                                        **FIDUCIARY DUTIES;**
25  JOHNSON, DAVID JOLLIFFE,
    KERRIE KEANE, PETER KWONG,
26  KURT LOTT, BARBARA LUNA,
27  ERIC LUTES, STEPHEN MACHT,
28

1017475.1

                        COMPLAINT

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

<div style="text-align: center; font-weight: bold; writing-mode: vertical-rl;">WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.<br>5567 RESEDA BOULEVARD, SUITE 330<br>POST OFFICE BOX 7033<br>TARZANA, CALIFORNIA 91357-7033</div>

1 | MICHAEL MCCONNOHIE, PETER
2 | ANTICO, SUSAN MCNABB,
  | PHYLLIS TIMBES, MARGUERITE
3 | MOREAU, TRACI MURRAY,
4 | NICOLE MANDICH, LARRY
  | NEWMAN, BARBARA NIVEN,
5 | KATHLEEN NOLAN, JACK ONG,
6 | PEGGY LANE O'ROURKE, LESLIE
  | PARRISH, SCOTT PIERCE, ROBIN
7 | RIKER, STEPHANIE ROSE, ALAN
8 | ROSENBERG, ALAN RUCK,
  | WENDY SCHAAL, TASCHA
9 | SCHAAL, NANCY SINATRA,
10 | CYNTHIA STEELE, RENEE
   | TAYLOR, MALACHI THRONE,
11 | BEVERLY TODD, JESSICA
12 | WRIGHT, MOMO YASHIMO

13                  Plaintiffs,

14        vs.

15 | SCREEN ACTORS GUILD, a Labor
   | Union; DAVID WHITE, an individual;
16 | KEN HOWARD, an Individual; AMY
   | AQUINO, an Individual; NED
17 | VAUGHN, an Individual; MIKE
   | HODGE, an Individual; DAVID
18 | HARTLEY-MARGOLIN, an
   | Individual; and DOES 1-10,

19
                   Defendants.
20

Plaintiffs individually and on behalf of the membership of the certified union of acting professionals known as the Screen Actors Guild ("SAG") bring this action against Defendants the SCREEN ACTORS GUILD ("SAG"), KEN HOWARD, AMY AQUINO, NED VAUGHN, MIKE HODGE, DAVID HARTLEY-MARGOLIN, (collectively, "Individual Defendants") and DOES 1-10, inclusive, (all inclusively, "Defendants") as follows:

# I. NATURE OF THE ACTION

1.     This case is about a race to merge two unions, without conducting the necessary due diligence.  Defendants are, metaphorically speaking, urging SAG members to take a blindfolded high dive *without knowing whether there is any water in the pool.*

2.     Defendant SAG is a labor organization within the meaning of 29 U.S.C. § 402 with its principal office in Los Angeles, California.  All of the Individual Defendants, except David White, are the members of the SAG National Board.  Defendant White is the National Executive Director.  Over 120,000 acting professionals across the globe are members of SAG.

3.     As explained herein, the Defendants are engaged in pre-election activities that threaten to imminently and irrevocably harm Plaintiffs and the membership of SAG.  These actions are being taken in direct violation of SAG Board resolutions, the LMRDA election protections, the SAG Constitution and Bylaws ("Constitution"), Defendants' fiduciary duties and the applicable law.

4.     The American Federation of Television and Radio Artists ("AFTRA"). is an entirely separate union from SAG and is comprised of 70,000 performers and broadcasters, many of whom do not meet the requirements to be SAG members.  AFTRA members include broadcasters, journalists, radio, television, voice-over, support staff and other diverse professions.

5.     Defendants seek to use their fiduciary authority and credibility as SAG Board members and officers, without the candor and due diligence required of them, to deceptively effect a merger between SAG and AFTRA.  This merger is in reality part and parcel of a National Board Election, regulated under 29 U.S.C. § 481.  The proposal requires member votes to seat an entirely new slate of Board members and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

officers, even though it is being perpetrated under the guise of a merger pursuant to Article XVII, Section 3 of the SAG Constitution.

## II. PARTIES

6.     Plaintiffs identities and their State of residence are attached hereto as Exhibit A.

7.     Defendant KEN HOWARD is the current SAG president, and is believed to be a resident of the County of Los Angeles, State of California.

8.     Defendant AMY AQUINO is the current SAG secretary-treasurer, and is believed to be a resident of the County of Los Angeles, State of California.

9.     Defendant NED VAUGHN is the current SAG 1st vice president, and is believed to be a resident of the County of Los Angeles, State of California.

10.    Defendant MIKE HODGE is the current SAG 2nd vice president, and is believed to be a resident of the State of New York.

11.    Defendant DAVID HARTLEY-MARGOLIN is the current SAG 3rd vice president, and is believed to be a resident of the State of Colorado.

12.    Defendant SAG is a labor organization within the meaning of 29 U.S.C. § 402 with its principal office in Los Angeles, California.  The issues raised by this complaint fall within the jurisdiction of this Court.

13.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive, or any of them and therefore sues said defendants, and each of them, by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    form or manner for the acts, events, occurrences or failures to act herein alleged and

2    are liable to Plaintiffs in connection therewith.  Plaintiffs will amend this complaint

3    to set forth the true names and capacities of the defendants herein designated as

4    DOES when they have been ascertained.

5        14.    Plaintiffs are informed and believe and thereon allege that each

6    defendant was and is, an agent, servant, employee, partner and/or joint venturer of

7    each of the remaining Defendants and in doing the things herein alleged, each was

8    acting within the course and scope of such agency, employment, partnership, and/or

9    joint venture and with the knowledge, authority, permission and consent of the other

10   respondents.    Defendant and DOES 1 through 10, inclusive, are hereinafter

11   collectively referred to as "Defendants" except when otherwise specified by name.

## III.  JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331, 1367(a), 29 U.S.C. §§ 185(c), and 412 as it arises under 29

U.S.C. §§ 411 and 501 and state law claims that form part of the same case and

controversy.

16.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c),

29 U.S.C. §§ 185(a) and 412 because the Defendants are residents of the State of

California, Colorado and New York and subject to personal jurisdiction within the

State of California.    Moreover, a substantial part of the events, omissions and

alleged violations giving rise to Plaintiffs' claims occurred in this District, where the

principal office of the Defendant Labor Organization is located.

## IV.  FACTUAL ALLEGATIONS

17.    Plaintiffs represent the true and longstanding interests of the Screen

Actors Guild, and seek to preserve the existence of this organization.  The Guild has

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  proudly represented its illustrious members since 1933.   Plaintiffs are not opposed
2  to mergers in concept.   However, they are opposed to the instant merger for a
3  variety of reasons as set forth herein.

4      18.   Among the many concerns raised, it is a fact that without careful
5  consideration of several critical elements, a merger such as the one being pressed
6  upon the members could result in potentially life-altering impacts to the existing
7  pension and health plans.   Such impacts would be harmful to each and every SAG
8  plan member.

10      19.   This merger is being presented in a deceptive manner, without due
11  diligence, as if it is in the best interest of each and every member.   Defendants know
12  the truth and are refusing, even upon request, to provide neutral, balance factual
13  disclosures, required of them as fiduciaries of SAG.   They are well aware that
14  numerous SAG members rely heavily upon their representations as fiduciary Board
15  members and Officers.   Defendants have ignored their obligations as fiduciaries,
16  promoting a merger while obfuscating the truth.

18      20.   Along with the proposed merger of the unions, an entire slate of new
19  joint union Board members and officers will be seated.   No opposing candidates are
20  even permitted to run or campaign.   Merger of the unions will clear the pathway to
21  merger of the significantly different pension and health plans, without further
22  member input, in the face of significant misrepresentations as set forth below.

23      21.   Without substantiation, the proposed merger is being "sold" by
24  Defendants as being in the best interests of the members.  The Defendants are well
25  aware that no one has recently conducted an actuarial study of the likely impact of
26  such actions.   The SAG Constitution and Board resolutions in 2003 and 2012
27  expressly recognize the need for studies to ascertain "what, if any merger plan can
28  be achieved which will satisfy the requirements of law and the protection of all

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  eligible members against loss of benefits presently or in the future." (Appendix I to

2  the SAG Constitution and Bylaws)

3      22.    By the time negative consequences are realized, they will be

4  irreversible.   The harmful impact of such actions, will produce numerous,

5  substantial and justified liability claims.  These claims would unnecessarily expose

6  the union and its funds to liability.  This is particularly true since Board Resolutions

7  reaffirmed the SAG Constitutional recognition that careful study is necessary to

8  "satisfy the requirements of law and the protection of all eligible members against

9  loss of benefits, presently or in the future."

10

11      23.    The 1981 SAG Board added Appendix I to the SAG Constitution in

12  recognition of the fact that any proposed SAG/AFTRA merger could have

13  significant adverse impacts for SAG members.  In the thirty years that followed, the

14  issue of merger has arisen multiple times.  As discussed further below, in 2003 a

15  study known as the Mercer report confirmed the worst fears of SAG members.  It

16  caused the SAG Board, once again, to recognize that merging with AFTRA could

17  result in a diminution in benefits and increased administrative costs.

18      24.    Following the SAG member rejection of the 2003 merger proposal, the

19  Board formally recognized and reaffirmed the critical need for such due diligence

20  prior to any future merger vote.  The Board resolved to "take all reasonable steps to

21  explore" whether a merger would enhance the security of pension benefits; be cost

22  efficient, practical and maximize health benefits; and explore the basis upon which

23  the SAG and AFTRA plans could be consolidated.

24      25.    Despite this history, the Defendants have chosen a path of deception

25  rather than disclosure.  Taking no steps to educate itself or the SAG members

26  dependent upon them, the Defendants chose a different plan.  They employed a

27  series of seven law firms, all apparently beholden to SAG, anxious to work with

28

Defendants to "spin" this issue.

26.   These lawyers disseminated a series of letters opining about the legality of mergers in general and how they *can be* beneficial.  But, no one studied the actual pension or health plan data.   No one worked with actuaries to assess the consequences associated with the current proposed merger.   In short, no one assessed the real world numbers associated with the proposed merger plan.  Thus, Defendants breached their fiduciary duties.

27.   But, these shortcuts are consistent with the actions of certain defendants, whose campaign rhetoric and posturing was so aggressive that it prompted a (still ongoing) Department of Labor investigation into election violations.   Nonetheless, the current Board has proceeded, undaunted, relentlessly pressing toward a merger.

28.   Numerous critically important questions exist.   The members desperately need to understand how the proposed merger would impact them, as addressed below.   But, they are not receiving full or fair disclosures about these issues.

29.   The range of issues include the mandatory elections of new Officers and Board members, without specification of issues or opposing candidates.  A vote for merger means a vote for an entire list of new Board member terms and Officers. A vote against merger rejects all of them.

30.   All public announcements, press releases and formal statements of Defendants represent that the merger is in the best interests of all SAG members. They have consistently urged the members to vote for merger, as if all important considerations have been addressed and resolved.  In fact, such misrepresentations and omissions are calculated and knowingly false. Only by parsing words and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

glossing over critical issues has the Board been successful in promoting merger thus far.

31.    Prior to initiation of this action, substantial efforts were made in behalf of Plaintiffs to understand whether a legitimate basis existed to support or oppose the prospective merger.  On January 4, 2012, Plaintiffs wrote to Defendants and outlined their concerns, seeking to exhaust their administrative remedies and potentially avoid litigation.  Plaintiffs also requested access to the statistical information necessary for qualified professionals to conduct an actuarial impact study.

32.    Plaintiffs volunteered to conduct their own due diligence to definitively confirm whether or not members would suffer a "loss of benefits" in 2012, as predicted by the 2003 Mercer Report.  This request was rejected.

33.    As recently as National Board meetings on January 22, 2012, January 27, 2012 and January 28, 2012, the current Board was asked to provide at least as much due diligence as was provided by the Mercer report.  In response, to the request for a P&H impact study during the October 23, 2011 meeting, Defendant HOWARD acknowledged the reasonableness of the request.  But, the Board has refused to conduct such a study claiming "it is illegal to do so until after the Merger has already taken place."  However, no legal authority for such a claim exists. Thus, none was provided.

34.    This claim eventually morphed into the assertion that such a study would be "too expensive."  This prompted Plaintiffs to offer to conduct the study themselves, with the cooperation of the Board.  That offer was rejected by silence.

35.    All indications are that the current drumbeat toward merger is simply part of an effort to confuse and convince uninformed members to vote yes,

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

portraying the proposed merger as a fait accompli, with the best interests of the members at heart.   In reality, these announcements misrepresent the facts and circumstances, concealing critical information.  As but one example, there has been no disclosure of the fact that the Constitutional and Board level concerns about specifically defined studies have been ignored.

36.   Plaintiff Board member efforts at National SAG Board meetings to inquire about whether this recognized minimum level due diligence had been conducted were silenced and ignored.   Fully aware that nothing they have done addresses the critical issues, Defendants have pretended that the letters they solicited from lawyers constitute a study of the probable financial impacts of a merger.  They know better.

37.   Plaintiffs counsel wrote to each of these lawyers asking if they intended members to rely on their letters as an inducement to vote with the belief their benefits were safe.  None responded directly to this inquiry.  Five did not respond at all.  No further studies were conducted.

38.   In the absence of due diligence analyzing the true impact of the proposed merger, propaganda is being promulgated in its place, including the unsupportable claims that "merging the  unions and the Plans would only benefit Plan participants" (emphasis in original) and "merger is the best way to protect our benefits."

39.   With disparate and potentially conflicting interests within the proposed new, merged union, substantial questions also exist concerning whether or not the merger would, in fact, enhance negotiating strength or effectively eliminate the possibility of strikes as advertized by Defendants.  Merger of the two entities could effectively emasculate SAG, by imposing AFTRA negotiating positions, effectively weakening negotiating efforts for the actors.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

40.     There has been no identified plan or study regarding how actors will be empowered to negotiate after their interests have been merged with broadcasters, journalists and other members with potentially divergent interests.     Public representations and suggestions implying that the merger will add negotiating strength are both premature and designed to mislead voting SAG members.

41.     Similarly, actors who are members of both SAG and AFTRA are currently in an untenable situation with respect to the existing, available pension plans.  Dollars earned under AFTRA contracts must exceed $15,000 per year to qualify for AFTRA pension credit.  $20,000 must be earned to qualify for pension credit under SAG contracts.  Thus, an actor paid $34,999 in one year, split between AFTRA and SAG contracts, has done more than enough work to qualify under either plan, but currently may not qualify for any pension credit whatsoever.

42.     Members are being led to believe that the new, merged union would solve this "split contribution" dilemma.  All indications are that no study or plan has been formulated to address, much less resolve this critical issue.     As such Defendants have failed to discharge their fiduciary obligations to the members, while claiming that merger will solve this real and pressing issue.  The truth is that Defendants have not determined how to solve the "split contribution" issue and disclosure of that fact would dramatically impact the SAG member vote.  No such disclosures are being made.

43.     Accurate and complete disclosures are necessary to permit the members to intelligently exercise their right to vote during this election, as expressly recognized by the Board resolutions, the SAG Constitution, and the applicable law. Efforts to force these decisions, without critically necessary information are in breach of the fiduciary duties owed by the Board members.

44.     With this background, the Board voted on January 28, 2012 to approve

the Merger plan and submit it for a vote of the membership.  Immediately thereafter, on January 29, 2012 the Presidents of SAG and AFTRA publicly announced on national television at the SAG awards that the "historic step" of merger was about to be realized.

45.     By doing so, Defendants attempted to thoroughly saturate the media, espousing the propaganda of the pro-merger factions in the Board, without providing any balancing information which would allow a member to intelligently evaluate the issues and vote.  Members have been inundated with pro-merger information daily, while Plaintiffs have been deprived of similar access.

46.     However, despite oral and written requests by Plaintiffs, the public announcements and representations by Defendants regarding merger merely grew louder and more frequent, culminating in their plan to send out merger election ballots on February 27, 2012 for submission by March 30, 2012.

47.     The central issue in this case entails Defendants' duty to inform the Board members and ultimately the SAG members about the impact of the proposed merger prior to calling a vote.  Unfortunately, Defendants have chosen to proceed with sophistry and sleight of hand to circumvent their due diligence obligations, rather than satisfy them.  Defendants moved forward in a surreptitious fashion misrepresenting the risks of the proposed merger while blocking collection and dissemination of information crucial to an informed and legitimate election.

48.     Merger under these circumstances would cause SAG to immediately and irrevocably cease to exist in its current form.  An uninformed election of this magnitude, contrary to the legislative promises of the SAG Board and the SAG Constitution, would irrevocably harm the SAG membership.

49.     Plaintiffs seek to enjoin Defendants from taking any action that would

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

deny the membership of SAG their rights to a full and fair, democratic election.   It is their right, as promised by Board resolutions, the SAG Constitution, and the applicable law.

50.    It would be unconscionable, unlawful and violative of the trust of the SAG members to plow ahead, impacting the existing pension and health plans, without clear and reliable information regarding the probable effects such actions would have on the SAG members.    Promises of post-merger studies are the equivalent of "trust me" promises which cannot be enforced.

51.    While the substance of the merger plan does not pass reasonable scrutiny, the method pursued by Defendants to induce members to approve their merger plan is clearly against the law. Defendants are attempting to seat themselves and an entirely new board of directors and officers by an omnibus and undifferentiated vote.

52.    Unless enjoined, this "merger referendum" will establish an entirely new slate of Board members and Officers with new authority over the current SAG membership. Per the proposed agreement between SAG and AFTRA, the following shall occur upon the conclusion of the merger election:

> The Initial SAG-AFTRA National Board (the "Initial National Board") shall be established consisting of persons who, on the day prior to the Effective Date, were members of the National Board of AFTRA or the National Board of SAG, or both, and any AFTRA national officer who is not an Initial National Officer or member of the Initial Executive Committee. Former alternates to the former SAG or AFTRA National Board shall be alternates to the SAG-AFTRA Initial National Board. The Initial National Board members **shall hold office until the commencement of the terms of office of their elected successor…"**

"Merger Agreement," Section IV. (A)(1)

The Initial National Officers of SAG-AFTRA shall consist of co-

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Presidents (the current AFTRA and SAG Presidents), co-Secretary-Treasurers (the current SAG Secretary-Treasurer), an Executive Vice President (the current SAG First National Vice President ), a Vice President from the largest Local (the current AFTRA Second National Vice President, a Vice President from the second largest Local (the current SAG Second National Vice President), a Vice President from the Mid-size Locals (a current AFTRA Vice President could be and a Vice President from the Small Locals (the current SAG Third National Vice President), as those terms are  defined in the SAG-AFTRA Constitution, an Actor/Performer Vice President (the current SAG Hollywood Division First Vice Chair), a Broadcaster Vice President (a current AFTRA Vice President) and a Recording Artist Vice President (a current AFTRA Vice President). The AFTRA co-President shall appoint the Broadcaster, Recording Artist and Mid-size Local Vice Presidents from among the current AFTRA National Officers…**They shall hold office until the commencement of the terms of office of the SAG-AFTRA National Officers elected** pursuant to this Agreement and the SAG-AFTRA Constitution…"

"Merger Agreement," Section IV. (B)(1)

53.     Thus, what Defendants call a "merger referendum" is, in reality, an election of new leadership without opposition candidates.  As the provisions above show, merger entails the appointment of new Board members, new Officers and the ascension of incumbent Board members and Officers to entirely new leadership positions.

54.     The current terms of the SAG board members and officers are staggered and they are poised for re-election at various times under the SAG Constitution and the term limits of the LMRDA.  The newly elected Board and Officers would all take office simultaneously, thereby undemocratically extending and detracting from the elected terms of the incumbent leadership of SAG.

55.     As a result, the will of the SAG membership as expressed in previous valid Board and Officer elections will stand or fall in one "yes or no" vote for

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

merger. Instead of a series of fair and democratic campaigns and vote calling for each Board and Officer seat, this merger election will effect a sudden coup d'etat of the entire leadership of SAG.

56.     The Board member Plaintiffs requested the right to access membership emails to distribute literature pursuant to 29 U.S.C. § 481(c).  In doing so, these Plaintiffs have asked to do nothing more than what Defendants have been and are continuing to doing leading up to the merger/election vote.  Defendants have refused these requests.

57.     Faced with the replacement of their union with a new union under new leadership, Plaintiffs request that the Court protect their rights as SAG members as against improper procedural tactics and enforce the spirit of the LMRDA, at 29 U.S.C. § 401 which is:

> "to protect employees' rights to organize, choose their own representatives…" because " it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor-management relations."

58.     Congress did not intend to allow a slate of labor candidates to make an end run around union democracy and become more entrenched in their positions of power by cloaking an election under guise of a merger.

## FIRST CAUSE OF ACTION

**For Violation of Labor Management Reporting and Disclosure Act**

**(29 U.S.C. § 411)**

**(Asserted by Plaintiffs against all Defendants)**

59.     Plaintiffs incorporate the allegations of paragraphs 1 through 58 herein

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

as though fully set forth at length.

60.    Defendants have denied plaintiffs their freedom of speech and assembly as well as equal rights and privileges to vote in an election to merge SAG with another union, subject to the reasonable rules and regulations of the SAG Constitution and Board resolutions.

61.    To abide by its duty to provide equal rights and freedom of speech and assembly to the entire SAG membership, Defendants cannot deny members their right to cast a meaningful vote. *See Blanchard v. Johnson,* 388 F. Supp. 208, 213-214(1974) ("[I]t is clear that any right to vote which is guaranteed by § 411 must be the right to a meaningful vote.") *aff'd in relevant part by ,* 532 F.2d 1074 (6th Cir. 1976)  Members have a "right to know and vote on all affiliation proposals, to know all the terms thereof, as well as the governing law of any organization with which they were to affiliate, and to know the views of other members on the proposals." *Id.*

62.    Defendants have violated the rights of all SAG members to a meaningful vote by refusing to conduct an actuarial study prior to the merger vote. Members need that information to understand the ramifications of a positive vote on their existing benefits.  Unless immediately enjoined, Defendants' violation will deny the membership a full, informed, fair and equal opportunity to vote on merger.

63.    Irreparable harm will be suffered by the members because after the proposed merger SAG cannot be restored to its current status.   The harm will include diminution in value of member benefits, union funds, pension benefits, health benefits and membership rights, exposure to massive, foreseeable liability and inherent conflicts of interest within the merged union.

64.    To prevent the aforementioned wrongs, Plaintiffs respectfully request

1  that the Court grant the relief set forth below.

## SECOND CAUSE OF ACTION

### For Violation of Labor Management Reporting and Disclosure Act

### (29 U.S.C. § 481(c))

### (Asserted by the Plaintiff Board Members against

### the Defendant Labor Organization)

65.    Plaintiffs incorporate by reference, as though fully set forth herein, all the allegations from paragraphs 1 through 64 above.

66.    The proposed merger referendum is an election subject to rules and member protections enacted under the LMRDA, 29 U.S.C. § 481(c).   Unless enjoined, this merger election will effectuate the extension of incumbent SAG Board Member and Officer terms, the reduction of the terms of others, the election of an entirely new slate of Board Members and Officers, <u>and all of these elections are tied to one vote for or against merger.</u>

67.    The Plaintiff Board Members are bone fide candidates for election in SAG and in the union that may result from merger of SAG and AFTRA.

68.    Defendant has denied Plaintiffs full and fair disclosure, preventing them from full, fair and equal access to distribution of campaign literature to SAG members, most specifically by use of e-mail.   Cognizant of the existing Constitutional Election Oversight Requirements, Defendants rushed this election. They are well aware that notice of a violation must be submitted to the SAG Elections Committee within 14 days following an election.

69.    But, in this instance, an election will functionally transmute the existing

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

union, rendering pursuit of a remedy under this provision futile. Even if submitted immediately after the merger/election was announced, the Committee would have 45 days to respond. The election would already be underway before any response would be required and completed long before any remedy could be meaningfully pursued. Thus, enforcement of this provision is not reasonable under the instant circumstances.

70. Plaintiffs have reasonably requested equal access to member lists, but have been denied those requests. To prevent and right the aforementioned wrongs, Plaintiffs respectfully request that the Court grant the relief set forth below.

## THIRD CAUSE OF ACTION

### For Breach of the Labor Management-Relations Act

### (29 U.S.C. § 185)

### (Asserted by Plaintiffs against the Defendant Labor Organization)

71. Plaintiffs incorporate by reference, as though fully set forth herein, all the allegations in paragraphs 1 through 70 herein as though fully set forth above.

72. The SAG Constitution and Bylaws and Board resolutions are contracts between SAG and its members within the meaning of 29 U.S.C. § 185.

73. SAG is in breach of its contractual promises as set forth above, having, among other things, failed to recommend or conduct studies:

"so that it may ascertain (a) what, if any, merger plan can be achieved which will satisfy the requirements of law and the protection of all eligible members against loss of benefits, presently or in the future; (B) the willingness of industry trustees to consolidate the plans."

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

and

"that any format for ultimate merger include the study of the following characteristics of the present AFTRA structure: ... (c) protection of categories of members (performers, announcers, dancers, newspersons, singers, sportcasters, et al), so that numbers of one category do not overwhelm the interest of any other categories..."

74.    Defendants submitted a plan for Merger to the SAG Board on January 28, 2012, and the next day announced a Merger on national television without a feasibility study or any reasonable opportunity for scrutiny or dissent in violation of Appendix I to the SAG Constitution and the aforementioned Board resolution. Without any appropriate notice or Board action, Defendants instead simply claimed that Appendix I was suspended.

75.    Based on the conclusions of the 2003 Mercer Report, Plaintiffs and the SAG membership will be imminently and irrevocably harmed.   The harm will include diminution in value of member benefits, union funds, pension benefits, health benefits and membership rights, exposure to massive, foreseeable liability and inherent conflicts of interest within the merged union.

76.    To prevent and right the aforementioned wrongs, Plaintiffs respectfully requests that the Court grant the relief set forth below.

## FOURTH CAUSE OF ACTION

### For Breach of California Common Law Fiduciary Duties

### (Asserted by Plaintiffs against the Individual Defendants)

77.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 76 herein, as though fully set forth at length.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

78.     During the term of Defendants' position as Board members and Officers of SAG, the union and its membership, including Plaintiffs, were entitled to Defendants' undivided loyalty, fair and equal representation. Defendants had a duty not to engage in any business adverse to SAG and to represent members fairly and equally, particularly during union elections.

79.     Defendants breached their duty by surreptitiously organizing for AFTRA and themselves, while being elected to organize for and represent the members of SAG.  Defendants further breached their duty by calling for a vote of the membership to end SAG as it currently exists, without satisfying their fiduciary duties as required by law and the strictures of their own governing documents.

80.     Unless immediately enjoined, Defendants' breaches of their duties as fiduciaries will cause irreparable harm to Plaintiffs and the SAG members.  The harm will include diminution in value of member benefits, union funds, pension benefits, health benefits and membership rights, exposure to massive, foreseeable liability and inherent conflicts of interest within the merged union.

81.     Plaintiffs will also seek leave to amend this Complaint to add a cause of action for breach of fiduciary duty pursuant to 29 U.S.C. § 501.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as to all causes of action as follows:

1.     For a preliminary and permanent injunction enjoining the Defendants, and each of them, from calling for a vote on the current merger proposal until such time as Defendants complete the required due diligence and satisfy their fiduciary obligations, including:

a.     Completion of an independent study detailing the actuarial effect of any

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 proposed merger of the pension and/or health plans, and distribute the results of this

2 study to the entire SAG Board and membership;

3
4       b.     Provision of full and fair disclosure to the members regarding all of the

aspects of the proposed merger plan, acknowledging its limitations and omissions,

5
6 including any potential adverse impacts;

7       c.     Full and fair disclosure to each and every Board member, including

8 equal access to and use of membership lists, including e-mail addresses;

9
10       d.     A new and legally valid election procedure, separate and apart from

any future merger plan; and

11
12 2.     For such further relief as the Court may deem just and proper.

13 DATED: February 22, 2012          **WASSERMAN, COMDEN,**

14                                   **CASSELMAN & ESENSTEN, L.L.P.**

15                                   DAVID B. CASSELMAN

16

17            By:

18                       DAVID B. CASSELMAN

19                       Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

*Left margin (vertical):* WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P. 5567 RESEDA BOULEVARD, SUITE 330 POST OFFICE BOX 7033 TARZANA, CALIFORNIA 91357-7033

# EXHIBIT A

# EXHIBIT A

1.     Plaintiff Martin Sheen is a resident of the County of Los Angeles, State of California. (Board Member)

2.     Plaintiff Edward Asner is a resident of the County of Los Angeles, State of California.

3.     Plaintiff Ed Harris is a resident of the County of Los Angeles, State of California. (Board Member)

4.     Plaintiff Valerie Harper is a resident of the County of Los Angeles, State of California.  (Board Member)

5.     Plaintiff Clancy Brown is a resident of the County of Los Angeles, State of California.

6.     Plaintiff James Remar is a resident of the County of Los Angeles, State of California.

7.     Plaintiff George Coe is a resident of the County of Los Angeles, State of California.

8.     Plaintiff Diane Ladd is a resident of the County of Ventura, State of California.

9.     Plaintiff Lainie Kazan is a resident of the County of Los Angeles, State of California.

10.     Plaintiff Nichelle Nichols is a resident of the County of Los Angeles, State of California.

11.     Plaintiff Renee Aubry is a resident of the County of Los Angeles, State of California.

12.     Plaintiff Jane Austin is a resident of the County of Los Angeles, State of California.

13.     Plaintiff Erick Avari is a resident of the County of Los Angeles, State of California.

14.    Plaintiff Steven Barr is a resident of the County of Los Angeles, State of California.

15.    Plaintiff Sara Barrett is a resident of the County of Los Angeles, State of California.

16.    Plaintiff Terrance Beasor is a resident of the County of Los Angeles, State of California.

17.    Plaintiff Michael Bell is a resident of the County of Los Angeles, State of California.

18.    Plaintiff Warren Berlinger is a resident of the County of Los Angeles, State of California.

19.    Plaintiff Joe Bologna is a resident of the County of Los Angeles, State of California.

20.    Plaintiff Ralph Brennen is a resident of the County of Los Angeles, State of California.

21.    Plaintiff Jude Ciccolella is a resident of the County of Los Angeles, State of California.

22.    Plaintiff Cynthia Lee Clark is a resident of the County of Los Angeles, State of California.

23.    Plaintiff David Clennon is a resident of the County of Los Angeles, State of California.

24.    Plaintiff Joe D'Angerio is a resident of the County of Los Angeles, State of California. (Board Member)

25.    Plaintiff Patricia M. D'Arbanville is a resident of the State of North Carolina.

26.    Plaintiff Dick Gautier is a resident of the County of Los Angeles, State of California.

27.    Plaintiff Dorothy Goulah is a resident of the County of Los Angeles, State of California.

28.    Plaintiff Marty Grey is a resident of the County of Los Angeles, State of California.

1017476.1

29.   Plaintiff Sumi Haru is a resident of the County of Los Angeles, State of California.

30.   Plaintiff Angel Harper is a resident of the County of Los Angeles, State of California.

31.   Plaintiff Basil Hoffman is a resident of the County of Los Angeles, State of California.

32.   Plaintiff David Huddleston is a resident of the State of New Mexico.

33.   Plaintiff Ann Marie Johnson is a resident of the County of Los Angeles, State of California. (Board Member)

34.   Plaintiff David Jolliffe is a resident of the County of Los Angeles, State of California. (Board Member)

35.   Plaintiff Kerrie Keane is a resident of the County of Los Angeles, State of California.

36.   Plaintiff Peter Kwong is a resident of the County of Los Angeles, State of California.

37.   Plaintiff Kurt Lott is a resident of the County of Los Angeles, State of California.

38.   Plaintiff Barbara Luna is a resident of the County of Los Angeles, State of California.

39.   Plaintiff Eric Lutes is a resident of the County of Los Angeles, State of California.

40.   Plaintiff Stephen Macht is a resident of the County of Los Angeles, State of California.

41.   Plaintiff Michael McConnohie is a resident of the County of Los Angeles, State of California.

42.   Plaintiff Peter Antico is a resident of the County of Los Angeles, State of California.

43.   Plaintiff Susan McNabb is a resident of the State of North Carolina.

44.   Plaintiff Phyllis Timbes is a resident of the County of Los Angeles, State of California.

45.   Plaintiff Marguerite Moreau is a resident of the County of Los Angeles, State of California.

46.   Plaintiff Traci Murray is a resident of the County of Los Angeles, State of California.

47.   Plaintiff Nicole Mandich is a resident of the County of Los Angeles, State of California.

48.   Plaintiff Larry Newman is a resident of the County of Los Angeles, State of California.

49.   Plaintiff Barbara Niven is a resident of the County of Los Angeles, State of California.

50.   Plaintiff Kathleen Nolan is a resident of the County of Los Angeles, State of California.

51.   Plaintiff Jack Ong is a resident of the County of Los Angeles, State of California.

52.   Plaintiff Peggy Lane O'Rourke is a resident of the County of Los Angeles, State of California.

53.   Plaintiff Leslie Parrish is a resident of the County of Los Angeles, State of California.

54.   Plaintiff Scott Pierce is a resident of the County of Los Angeles, State of California.

55.   Plaintiff Robin Riker is a resident of the County of Los Angeles, State of California.

56.   Plaintiff Stephanie Rose is a resident of the County of Los Angeles, State of California.

57.   Plaintiff Alan Rosenberg is a resident of the County of Los Angeles, State of California.

58.   Plaintiff Alan Ruck is a resident of the County of Los Angeles, State of California.

59.   Plaintiff Wendy Schaal is a resident of the State of Oregon.

60.  Plaintiff Tasha Schaal is a resident of the State of Oregon.

61.  Plaintiff Nancy Sinatra is a resident of the County of Los Angeles, State of California.

62.  Plaintiff Cynthia Steel is a resident of the County of Los Angeles, State of California.

63.  Plaintiff Renee Taylor is a resident of the County of Los Angeles, State of California.

64.  Plaintiff Malachi Throne is a resident of the County of Los Angeles, State of California.

65.  Plaintiff Beverly Todd is a resident of the County of Los Angeles, State of California.

66.  Plaintiff Jessica Wright is a resident of the County of Los Angeles, State of California.

67.  Plaintiff Momo Yashimo is a resident of the County of Los Angeles, State of California.

68.  Plaintiff Alexandra Castro is a resident of the County of Los Angeles, State of California.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 1468 SJO (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br><br>Martin Sheen, et al. (See attached Exhibit A) | **DEFENDANTS**<br><br>SCREEN ACTORS GUILD, a Labor Union; KEN HOWARD, an Individual; AMY AQUINO, an Individual; NED VAUGHN, an Individual; MIKE HODGE, an Individual; DAVID HARTLEY-MARGOLIN, an Individual; and DOES 1-50 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>David B. Casselman<br>WASSERMAN, COMDEN, CASSELMAN, & ESENSTEN, LLP<br>5567 Reseda Boulevard, Suite 330<br>Post Office Box 7033<br>Tarzana, California 91357-7033<br>(818)705-6800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C § 411 as a result of denial of a meaningful vote to the membership; 29 U.S.C § 481 as a result of lack of ability to nominate canidate for election and deprovation of equal access for campaigning; 29 U.S.C § 185 for breach of contract and breach of California common law fiduciary duties

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☒ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: CV12-01468

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CCD-JS44

UNITED STATE: DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | See Attached Exhibit A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Colorado, New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _David Casselman_ Date February 22, 2012

David B. Casselman

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# EXHIBIT A

# EXHIBIT A

1.   Plaintiff Martin Sheen is a resident of the County of Los Angeles, State of California. (Board Member)

2.   Plaintiff Edward Asner is a resident of the County of Los Angeles, State of California.

3.   Plaintiff Ed Harris is a resident of the County of Los Angeles, State of California. (Board Member)

4.   Plaintiff Valerie Harper is a resident of the County of Los Angeles, State of California.  (Board Member)

5.   Plaintiff Clancy Brown is a resident of the County of Los Angeles, State of California.

6.   Plaintiff James Remar is a resident of the County of Los Angeles, State of California.

7.   Plaintiff George Coe is a resident of the County of Los Angeles, State of California.

8.   Plaintiff Diane Ladd is a resident of the County of Ventura, State of California.

9.   Plaintiff Lainie Kazan is a resident of the County of Los Angeles, State of California.

10.   Plaintiff Nichelle Nichols is a resident of the County of Los Angeles, State of California.

11.   Plaintiff Renee Aubry is a resident of the County of Los Angeles, State of California.

12.   Plaintiff Jane Austin is a resident of the County of Los Angeles, State of California.

13.   Plaintiff Erick Avari is a resident of the County of Los Angeles, State of California.

14.     Plaintiff Steven Barr is a resident of the County of Los Angeles, State of California.

15.     Plaintiff Sara Barrett is a resident of the County of Los Angeles, State of California.

16.     Plaintiff Terrance Beasor is a resident of the County of Los Angeles, State of California.

17.     Plaintiff Michael Bell is a resident of the County of Los Angeles, State of California.

18.     Plaintiff Warren Berlinger is a resident of the County of Los Angeles, State of California.

19.     Plaintiff Joe Bologna is a resident of the County of Los Angeles, State of California.

20.     Plaintiff Ralph Brennen is a resident of the County of Los Angeles, State of California.

21.     Plaintiff Jude Ciccolella is a resident of the County of Los Angeles, State of California.

22.     Plaintiff Cynthia Lee Clark is a resident of the County of Los Angeles, State of California.

23.     Plaintiff David Clennon is a resident of the County of Los Angeles, State of California.

24.     Plaintiff Joe D'Angerio is a resident of the County of Los Angeles, State of California. (Board Member)

25.     Plaintiff Patricia M. D'Arbanville is a resident of the State of North Carolina.

26.     Plaintiff Dick Gautier is a resident of the County of Los Angeles, State of California.

27.     Plaintiff Dorothy Goulah is a resident of the County of Los Angeles, State of California.

28.     Plaintiff Marty Grey is a resident of the County of Los Angeles, State of California.

29.   Plaintiff Sumi Haru is a resident of the County of Los Angeles, State of California.

30.   Plaintiff Angel Harper is a resident of the County of Los Angeles, State of California.

31.   Plaintiff Basil Hoffman is a resident of the County of Los Angeles, State of California.

32.   Plaintiff David Huddleston is a resident of the State of New Mexico.

33.   Plaintiff Ann Marie Johnson is a resident of the County of Los Angeles, State of California. (Board Member)

34.   Plaintiff David Jolliffe is a resident of the County of Los Angeles, State of California. (Board Member)

35.   Plaintiff Kerrie Keane is a resident of the County of Los Angeles, State of California.

36.   Plaintiff Peter Kwong is a resident of the County of Los Angeles, State of California.

37.   Plaintiff Kurt Lott is a resident of the County of Los Angeles, State of California.

38.   Plaintiff Barbara Luna is a resident of the County of Los Angeles, State of California.

39.   Plaintiff Eric Lutes is a resident of the County of Los Angeles, State of California.

40.   Plaintiff Stephen Macht is a resident of the County of Los Angeles, State of California.

41.   Plaintiff Michael McConnohie is a resident of the County of Los Angeles, State of California.

42.   Plaintiff Peter Antico is a resident of the County of Los Angeles, State of California.

43.   Plaintiff Susan McNabb is a resident of the State of North Carolina.

44.   Plaintiff Phyllis Timbes is a resident of the County of Los Angeles, State of California.

45.    Plaintiff Marguerite Moreau is a resident of the County of Los Angeles, State of California.

46.    Plaintiff Traci Murray is a resident of the County of Los Angeles, State of California.

47.    Plaintiff Nicole Mandich is a resident of the County of Los Angeles, State of California.

48.    Plaintiff Larry Newman is a resident of the County of Los Angeles, State of California.

49.    Plaintiff Barbara Niven is a resident of the County of Los Angeles, State of California.

50.    Plaintiff Kathleen Nolan is a resident of the County of Los Angeles, State of California.

51.    Plaintiff Jack Ong is a resident of the County of Los Angeles, State of California.

52.    Plaintiff Peggy Lane O'Rourke is a resident of the County of Los Angeles, State of California.

53.    Plaintiff Leslie Parrish is a resident of the County of Los Angeles, State of California.

54.    Plaintiff Scott Pierce is a resident of the County of Los Angeles, State of California.

55.    Plaintiff Robin Riker is a resident of the County of Los Angeles, State of California.

56.    Plaintiff Stephanie Rose is a resident of the County of Los Angeles, State of California.

57.    Plaintiff Alan Rosenberg is a resident of the County of Los Angeles, State of California.

58.    Plaintiff Alan Ruck is a resident of the County of Los Angeles, State of California.

59.    Plaintiff Wendy Schaal is a resident of the State of Oregon.

60.   Plaintiff Tasha Schaal is a resident of the State of Oregon.

61.   Plaintiff Nancy Sinatra is a resident of the County of Los Angeles, State of California.

62.   Plaintiff Cynthia Steel is a resident of the County of Los Angeles, State of California.

63.   Plaintiff Renee Taylor is a resident of the County of Los Angeles, State of California.

64.   Plaintiff Malachi Throne is a resident of the County of Los Angeles, State of California.

65.   Plaintiff Beverly Todd is a resident of the County of Los Angeles, State of California.

66.   Plaintiff Jessica Wright is a resident of the County of Los Angeles, State of California.

67.   Plaintiff Momo Yashimo is a resident of the County of Los Angeles, State of California.

68.   Plaintiff Alexandra Castro is a resident of the County of Los Angeles, State of California.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SHEEN, EDWARD ASNER, ED HARRIS, VALERIE HARPER, CLANCY BROWN, JAMES REMAR, GEORGE COE, DIANE LADD (CONTINUED ON ATTACHMENT "A" TO SUMMONS")<br><br>PLAINTIFF(S)<br><br>v.<br><br>SCREEN ACTORS GUILD, a Labor Union; KEN HOWARD, an Individual; AMY AQUINO, an Individual; NED VAUGHN, an Individual; MIKE HODGE, an Individual; DAVID HARTLEY-MARGOLIN, an Individual; and DOES 1-50<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-01468 SJO (ATWx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): SCREEN ACTORS GUILD, a Labor Union; KEN HOWARD, an individual; AMY AQUINO, an Individual; NED VAUGHN, an Individual; MIKE HODGE, an Individual; DAVID HARTLEY-MARGOLIN, an Individual; and DOES 1-50

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, David B. Casselman , whose address is 5567 Reseda Boulevard, Suite 330; P.O. Box 7033; Tarzana, CA  91357-7033 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

FEB 2 2 2012

Dated: _____      By: _____
                                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                              **SUMMONS**                              CCD-1A

ATTACHMENT "A" TO SUMMONS

LAINIE KAZAN, NICHELLE NICHOLS, RENEE AUBRY, JANE AUSTIN,
ERICK AVARI, STEVE BARR, SARA BARRETT, TERRANCE BEASOR,
MICHAEL BELL, WARREN BERLINGER, JOE BOLOGNA, RALPH
BRENNEN, ALEXANDRA CASTRO, JUDE CICCOLELLA, CYNTHIA LEA
CLARK, DAVID CLENNON, JOE D'ANGERIO, PATTI D'ARBANVILLE,
DICK GAUTIER, DOROTHY GOULAH, MARTY GREY, SUMI HARU,
ANGEL HARPER, BASIL HOFFFMAN, DAVID HUDDLESTON, ANNE-
MARIE JOHNSON, DAVID JOLLIFFE, KERRIE KEANE, PETER KWONG,
KURT LOTT, BARBARA LUNA, ERIC LUTES, STEPHEN MACHT,
MICHAEL MCCONNOHIE, PETER ANTICO, SUSAN MCNABB, PHYLLIS
TIMBES, MARGUERITE MOREAU, TRACI MURRAY, NICOLE MANDICH,
LARRY NEWMAN, BARBARA NIVEN, KATHLEEN NOLAN, JACK ONG,
PEGGY LANE O'ROURKE, LESLIE PARRISH, SCOTT PIERCEM ROBIN
RIKER, STEPHANIE ROSE, ALAN ROSENBERG, ALAN RUCK, WENDY
SCHAAL, TASCHA SCHAAL, NANCY SINATRA, CYNTHIA STEELE,
RENEE TAYLOR, MALACHI THRONE, BEVERLY TODD, JESSICA
WRIGHT, MOMO YASHIMO