1    DAVID B. CASSELMAN (Bar No. 81657)
     dcasselman@wccelaw.com
2    MELISSA MEEKER HARNETT (Bar No. 1643309)
     mharnett@wccelaw.com
3    JESSE B. LEVIN (Bar No. 268047)
     jlevin@wccelaw.com
4    **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
     5567 Reseda Boulevard, Suite 330
5    Post Office Box 7033
     Tarzana, California 91357-7033
6    Telephone: (818) 705-6800, (323) 872-0995
     Facsimile: (818) 705-8147
7    Attorneys for Plaintiffs

8    ROBERT A. BUSH (SBN 65357)
     rbush@BushGottlieb.com
9    IRA L. GOTTLIEB (SBN 103236)
     igottlieb@BushGottlieb.com
10    DANIEL BUSH (SBN 248539)
     dbush@BushGottlieb.com
11    **BUSH GOTTLIEB SINGER LÓPEZ**
     **KOHANSKI ADELSTEIN & DICKINSON**
12    A Law Corporation
     500 North Central Avenue, Suite 800
13    Glendale, California 91203-3345
     Telephone: (818) 973-3200
14    Facsimile: (818) 973-3201

15    Attorneys for Defendant Screen Actors
     Guild, a dissolved corporation
16

17    PETER NUSSBAUM (SBN 49682)
     pnussbaum@altshulerberzon.com
18    ANNE N. ARKUSH (SBN 254985)
     aarkush@altshulerberzon.com
19    **ALTSHULER BERZON LLP**
     177 Post Street, Suite 300
20    San Francisco, CA 94108
     Telephone: (415) 421-7151
21    Facsimile: (415) 362-8064

22    Attorneys for Defendants
     David White, Ken Howard, Amy Aquino, Ned Vaughn, Mike Hodge and David
23    Hartley-Margolin

24           UNITED STATES DISTRICT COURT

25      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 26   MARTIN SHEEN, et al., | **CASE NO. CV 12-1468 SJO (AJW)** |
| 27        Plaintiffs, | **STIPULATION TO DISMISS ENTIRE ACTION WITH** |
| 28     vs. | **PREJUDICE** |

288457.1 11640-22002

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

SCREEN ACTORS GUILD, et al.,

       Defendants.

**FRCP 41(a)(1)(A)(ii)**

The parties stipulate and agree as follows:

1.    The parties have reached a settlement agreement that disposes of this entire action, and in accordance with the attached Mutual Release and Settlement Agreement and Rule 41(a)(1)(A)(ii), all Plaintiffs wish to dismiss their First Amended Complaint with prejudice as against all Defendants.

2.    The parties request and agree that the Court shall retain jurisdiction over the parties to enforce their Settlement Agreement.

DATED: May 16, 2012      WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.

By: /s/DAVID CASSELMAN
       David Casselman on behalf of Plaintiffs

DATED: May 14, 2012      BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON

By: /s/ROBERT A. BUSH
       Robert A. Bush on behalf of Defendant SAG, a dissolved corporation

DATED: May 14, 2012      ALTSCHULER BERZON LLP

By: /s/PETER NUSSBAUM
       Peter Nussbaum, on behalf of Defendants David White, Ken Howard, Amy Aquino, Ned Vaughn, Mike Hodge and David Hartley-Margolin

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

288457.1  11640-22002

**ATTACHMENT**

## SETTLEMENT AGREEMENT AND
## GENERAL MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Mutual Release of All Claims ("Agreement") is effective as of May 16 , 2012, by and between Martin Sheen, Edward Asner, Ed Harris, Valerie Harper, James Remar, George Coe, Diane Ladd, Lainie Kazan, Nichelle Nichols, Renee Aubry, Jane Austin, Erick Avari, Steve Barr, Sara Barrett, Terrance Beasor, Michael Bell, Warren Berlinger, Joe Bologna, Ralph Brennen, Clancy Brown, Alexandra Castro, Jude Ciccolella, Cynthia Lea Clark, David Clennon, Joe D'Angerio, Patrick D'Arbanville, Dick Gautier, Dorothy Goulah, Marty Grey, Sumi Haru, Angel Harper, Basil Hoffman, David Huddleston, Anne-Marie Johnson, David Jolliffe, Kerrie Keane, Peter Kwong, Kurt Lott, Barbara Luna, Eric Lutes, Stephen Macht, Michael McConnohie, Peter Antico, Susan McNabb, Phyllis Timbes, Marguerite Moreau, Traci Murray, Nicole Mandich, Larry Newman, Barbara Niven, Kathleen Nolan, Jack Ong, Peggy Lane O'Rourke, Leslie Parrish, Scott Pierce, Robin Riker, Stephanie Rose, Alan Rosenberg, Alan Ruck, Wendy Schaal, Tascha Schaal, Nancy Sinatra, Cynthia Steele, Renee Taylor, Malachi Throne, Beverly Todd, Jessica Wright, and Momo Yashimo (hereinafter referred to collectively as "Plaintiffs"), on the one hand, and Screen Actors Guild, Inc., a Labor Union and dissolved corporation ("SAG"), Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), David White, Ken Howard, Amy Aquino; Ned Vaughn, Mike Hodge and David Hartley-Margolin (hereinafter collectively referred to as "Defendants") on the other. All parties to this Agreement shall be referred to collectively as "the Parties."

## RECITALS

The Agreement is made with reference to the following factual allegations:

1.    As of March 30, 2012, SAG-AFTRA succeeded to the liabilities of SAG as a result of a merger between SAG and the American Federation of Television and Radio Artists ("AFTRA"), that was approved by 82% of SAG members who cast ballots in the merger referendum. The merger between SAG and AFTRA shall be referred to as "the merger."

2.    Plaintiffs are members of SAG-AFTRA and were members of SAG prior to March 30, 2012.

3.    David White ("White") was Executive Director of SAG prior to March 30, 2012 and is Executive Director of SAG-AFTRA.    Ken Howard ("Howard"), Amy Aquino ("Aquino"), Ned Vaughn ("Vaughn"), Mike Hodge ("Hodge") and David Hartley-Margolin ("Hartley-Margolin") were members and officers of SAG prior to March 30, 2012 and are members and officers of SAG-AFTRA. White, Howard, Aquino, Vaughn, Hodge and Hartley-Margolin will be collectively referred to herein as the "individual Defendants."

4.    On February 22, 2012, Plaintiffs filed a Complaint ("Complaint") against Defendants in the United States District Court for the Central District of California, Western Division, entitled *Sheen et al v. Screen Actors Guild et al*, CV No. 12-1468 SJO-AJW ("the Action"). In the Complaint, Plaintiffs alleged Four Causes of Action: 1) Violation of the Labor

Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §411 (against all Defendants); 2) violation of LMRDA, 29 U.S.C. §481(against SAG only); 3) Violation of Labor-Management Relations Act ("LMRA") §301, 29 U.S.C. §185 (against SAG only); and 4) Violation of California commonlaw fiduciary duties (against individual Defendants).

5.    On March 1, 2012, Plaintiffs filed a First Amended Complaint ("FAC") against Defendants in the Action. In the FAC, Plaintiffs alleged Four Causes of Action: 1) Violation of the LMRDA, 29 U.S.C. §411 (against all Defendants); 2) violation of LMRDA, 29 U.S.C. §501(against the individual Defendants); 3) Violation of LMRA §301, 29 U.S.C. §185 (against SAG only); and 4) Violation of California commonlaw fiduciary duties (against individual Defendants).

6.    On March 28, 2012, the District Court denied Plaintiffs' motion for preliminary injunction to prevent the merger referendum from reaching completion. On that same date, the District Court granted Defendants' motion to dismiss the First Cause of Action in the FAC, and denied Defendants' motion to dismiss the Second, Third, and Fourth Causes of Action, and to strike the Fourth Cause of Action under California's anti-SLAPP law. .

7.    On April 25, 2012, all Defendants filed answers to the FAC.

8.    The Parties desire to settle any and all possible claims between the Plaintiffs on the one hand, and all Defendants on the other, including all claims and disputes arising from, or that could have been brought in the Action, and all claims that could arise from the dismissal of the Action. Therefore, it is understood and agreed that this Agreement is a compromise of disputed claims which remain contested, that the terms and conditions of this Agreement are in no way to be construed as an admission of liability on the part of the Parties, and that the Parties deny liability and intend merely to avoid further litigation through this Agreement.

9.    This settlement has been negotiated in good faith. Plaintiffs recognize the wisdom of the comments of the Court and have reflected upon the demonstrated will of the SAG members. While Plaintiffs still believe in the merits of their assertions, they agree that it is in the best interests of SAG/AFTRA to terminate this litigation and move forward in unity.

## AGREEMENT

Now, therefore, incorporating the Recitals above, and in consideration of the promises and mutual covenants of this Agreement,

### IT IS HEREBY AGREED AMONG THE PARTIES AS FOLLOWS:

1. Economic Terms.  The settlement involves no economic exchanges between the Parties. Each Party will bear its own costs, expenses and attorneys' fees in the Action and relating to all real or potential claims released by this Agreement.

2. Specific Release of Claims.

a. The Plaintiffs, and each of them, will and hereby do release SAG, SAG-AFTRA and the individual Defendants from any and all claims brought in the Action or that could have been brought in the Action, or from its filing and prosecution.

b. SAG, SAG-AFTRA, and the individual Defendants, and each of them will and hereby do release the Plaintiffs and their attorneys from any and all claims or counter-claims arising from the filing and prosecution of the Action.

3. Dismissal With Prejudice of The Action. The Plaintiffs will dismiss their FAC with prejudice within three business days following the complete execution of this Agreement. The dismissal will be requested by stipulation and proposed order filed with the Court and signed by the parties as set forth in Exhibit A attached to this Agreement.

4. Mutual and General Release.

a. In addition to the specific release of claims set forth above, and except for the promises and agreements made in this Agreement, Plaintiffs for themselves and their attorneys and predecessors, assignees, heirs, executors and successors of each of them, hereby fully and forever release and discharge SAG, SAG-AFTRA, and their present and former officers, trustees, fiduciaries, administrators, directors, shareholders, members, partners, affiliates, subsidiaries, employees, agents, representatives, vendors, insurers, and attorneys, and predecessors, assignees, heirs, executors and successors of each of them, and the individual Defendants, and the individual Defendants' attorneys, predecessors, assignees, heirs, executors, insurers, and successors of each of them, from all claims, actions, causes of action, demands, cross-claims, counterclaims, obligations, contracts, indemnity, contribution, suits, debts, sums, accounts, controversies, rights, damages, costs, attorney's fees, losses, expenses, equitable claims, and liabilities whatsoever (contingent, accrued, mature, direct, derivative, subrogated, personal, assigned, discovered, undiscovered, inchoate, or otherwise) which they may now have or have had as of the date of the last signature affixed on this Agreement arising from the claims brought in the Action or that could have been brought in the Action. .

b. In addition to the specific release of claims set forth above, and except for the promises and agreements made in this Agreement, SAG, SAG-AFTRA and the individual Defendants, individually and collectively, hereby fully and forever release and discharge the Plaintiffs and their attorneys, from all claims, actions, causes of action, demands, cross-claims, counterclaims, obligations, contracts, indemnity, contribution, suits, debts, sums, accounts, controversies, rights, damages, costs, attorney's fees, losses, expenses, equitable claims, and liabilities whatsoever (contingent, accrued, mature, direct, derivative, subrogated, personal, assigned, discovered, undiscovered, inchoate, or otherwise) which they may now have or have had as of the date of the last signature affixed on this Agreement arising from the filing and prosecution of the Action settled hereby.

5. Waiver of Section 1542 of the Civil Code. Section 1542 of the California Civil Code provides:

Page 3 of 10

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Parties, being aware of section 1542 of the California Civil Code, further expressly agree to waive any rights that they may have thereunder, as well as under any federal or state statute or common law principles of similar effect, to the fullest extent they may lawfully waive such rights and benefits, with respect to the matters released in this Agreement, as described above. This Agreement will remain in effect as a full, complete and mutual release of all claims as released above notwithstanding the discovery hereafter of the existence of any presently unknown claims, injuries, or facts.

6. <u>Entire Agreement</u>. This Agreement constitutes the entire written agreement of compromise and settlement among the Parties, and there are no other agreements modifying or affecting its terms. This Agreement supersedes all other agreements, written, oral, or implied, relating to the same subject. This Agreement can only be modified by a writing signed by the Parties and expressly stating that such modification is intended. Unless expressly agreed in this Agreement, the Parties reserve all rights and do not waive any rights.

7. <u>Federal Common Law</u>. This Agreement arises from Plaintiffs' Action invoking federal question jurisdiction pursuant to the LMRA and LMRDA. The execution, validity, construction, and performance of this Agreement will be construed and enforced in accordance with federal common law, supplemented by California state law where federal common law is silent on the question at issue. This Agreement is admissible in any proceeding to enforce the settlement between the Parties. This Agreement will be deemed made and entered into in the Central District of California, Western Division, which will be the exclusive venue for any action relating to this Agreement. The parties agree that the District Court shall retain jurisdiction to resolve any disputes over the interpretation or application of this Agreement, and the proposed order submitted to the Court dismissing the Action shall include a directive from the Court stating:

> "The Court shall retain jurisdiction of this action for purposes of resolving any disputes that may arise in the future regarding the settlement agreement, its terms or the enforcement thereof."

8. <u>Agreement As Defense</u>. This Agreement may be pleaded as a full and complete defense and may be used as the basis for an injunction against any action, suit or proceeding which may be prosecuted, instituted or attempted by any Party in breach thereof.

9. <u>No Admission of Liability</u>. This Agreement is the compromise of disputed claims, causes of action, denials, and defenses made or to be made by any of the Parties hereto and is being entered into for the purpose of bringing to an end between the Parties hereto the real or potential claims referred to herein and to avoid costs of litigation. This Agreement embodies a compromise of claims and will not be used or construed as an admission of liability,

responsibility or wrongdoing (which, for their part, defendants expressly deny) on the part of any Party or on the part of any person or entity released herein, at any time or for any purpose.

10. <u>Counterparts</u>. This Agreement may be signed in counterparts. The counsel for each Party will send the Agreement containing the original signatures of their client and themselves to the counsel for the other Party. However, a facsimile or pdf signature will have the same force and effect as an original signature.

11. <u>Warranties of Authority and Against Prior Assignment</u>. Each person who signs this Agreement on behalf of a Party warrants and represents to every other Party that he or she has the authority to make this Agreement on behalf of the Party for which he or she signs. Each of the Parties to this Agreement represents and warrants that it is the sole and exclusive owner of the rights, claims and causes of action herein released and that it has not heretofore assigned or transferred or purported to assign or transfer to any other person or entity any obligations, rights, claims, or causes of action herein released. Each Party, and signer, where the signer is not a Party, to this Agreement shall defend and hold each other Party harmless from and against any rights, claims, or causes of action asserted by any person that, if established, would be a breach of the above representations and warranties, and any and all loss, expense, attorneys' fees, costs, and liability arising directly or indirectly out of the breach of any of the above representations and warranties. If any action is brought which, if established, would be a breach of any of the above representations and warranties, the Party or signer, where the signer is not a Party, making the representation or warranty shall appear in and defend the action on behalf of the affected beneficiary or beneficiaries of the representation or warranty, at that Party's or signer's own sole cost and expense.

12. Any notices required under this Settlement Agreement shall be made by e-mail and United States mail to the persons set forth below:

<u>To SAG or SAG-AFTRA</u>:

**Robert A. Bush**
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN &
DICKINSON
500 North Central Avenue
Suite 800
Glendale, CA    91203
818 973-3200
Email: rbush@bushgottlieb.com

<u>To the Individual Defendants</u>:

**Peter D Nussbaum**
Altshuler Berzon LLP
177 Post St, Ste 300

Page 5 of 10

Attachment Page 7

San Francisco, CA 94108
415-421-7151
Email: pnussbaum@altber.com

<u>To Plaintiffs</u>:

**David Bruce Casselman**
Wasserman Comden Casselman & Esensten LLP
5567 Reseda Blvd Suite 330
P O Box 7033
Tarzana, CA 91357-7033
818-705-6800
Fax: 818-705-8147
Email: dcasselman@wccelaw.com

13.  <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit and obligation of the Parties hereto and to their respective representatives, successors and assigns.

14.  <u>Interpretation</u>.  Each Party declares and represents that this Agreement is being made without reliance upon any statement or representation not contained herein of any other Party, or of any agent or attorney of any other Party.  Each Party represents to each other Party that it has reviewed each term of this Agreement with its counsel and that it shall never dispute the validity of this Agreement on the ground that it did not have advice of its counsel.  This Agreement shall be construed and enforced according to its fair meaning as if prepared by all Parties after extensive negotiation; no part of this Agreement shall be construed against any Party on the ground that the attorney for that Party drafted it.

15.  <u>Knowing, Free and Voluntary Making</u>.  This Agreement has been carefully read by the Parties, and the Parties acknowledge that they know and fully understand its contents.  The Parties acknowledge that they have fully discussed this Agreement with their respective attorneys and fully understand the consequences of this Agreement.  No Party is being influenced by any statement made by or on behalf of any of the other Party to this Agreement.  The Parties have relied and are relying solely upon their own judgment, belief and knowledge of the nature, extent, effect and consequences relating to this Agreement and/or upon the advice of their own legal counsel concerning the legal and income tax consequences of this Agreement.  The Agreement is freely and voluntarily signed by the Parties.

SIGNATURES ON NEXT PAGE

Page 6 of 10

Attachment Page 8

**IT IS SO AGREED.**

PLAINTIFFS                                          DATED: May/6 2012

By: David Casselman

Their: Counsel

SAG AND SAG-AFTRA                                   DATED: May   , 2012

By: _____

Their: _____

INDIVIDUAL DEFENDANTS

DAVID WHITE                                         DATED: May   , 2012

_____

KEN HOWARD                                          DATED: May   , 2012

_____

AMY AQUINO                                          DATED: May   , 2012

_____

From:Loews Annapolis          4102630084          05/16/2012 19:02      #669 P.002/002

13235496624      legal                        05:11:02 p.m.   05-16-2012       2/2

**IT IS SO AGREED.**

PLAINTIFFS                          DATED: May/6 2012

By: David Casselman
Their: Counsel

SAG AND SAG-AFTRA                   DATED: May 16 2012

By: Duncan Crabtree-Ireland
Their: Chief Administrative Officer & General Counsel

INDIVIDUAL DEFENDANTS

DAVID WHITE                         DATED: May , 2012

_____

KEN HOWARD                          DATED: May 16, 2012

_____

AMY AQUINO                          DATED: May , 2012

_____

Page 7 of 10

Attachment Page 10

**IT IS SO AGREED.**

PLAINTIFFS                                   DATED: May   , 2012


By: _____
Their: _____


SAG AND SAG-AFTRA                            DATED: May   , 2012


By: _____
Their: _____


INDIVIDUAL DEFENDANTS


DAVID WHITE                                  DATED: May 16 2012

_____


KEN HOWARD                                   DATED: May   , 2012


_____


AMY AQUINO                                   DATED: May   , 2012


_____


Page 7 of 10

IT IS SO AGREED.

PLAINTIFFS                                 DATED: May   , 2012


By: _____
Their: _____

SAG AND SAG-AFTRA                          DATED: May   , 2012


By: _____
Their: _____

INDIVIDUAL DEFENDANTS

DAVID WHITE                                DATED: May   , 2012

_____


KEN HOWARD                                 DATED: May   , 2012

_____


AMY AQUINO                                 DATED: May/6, 2012

_____

Page 7 of 10

NED VAUGHN                              DATED: May 16, 2012

MIKE HODGE                             DATED: May   , 2012

_____

DAVID HARTLEY-MARGOLIN           DATED: May   , 2012

_____

NED VAUGHN                          DATED: May  , 2012


_____


MIKE HODGE                          DATED: May  , 2012


_____


DAVID HARTLEY-MARGOLIN              DATED: May/ , 2012


_____


Page 8 of 10

Attachment Page 14

NED VAUGHN                          DATED: May   , 2012

_____


MIKE HODGE                          DATED: May / 2012

_~mik Hodg~_____


DAVID HARTLEY-MARGOLIN              DATED: May   , 2012

_____

Approved as to Form and Substance:

BUSH GOTTLIEB SINGER LOPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

DATED: May   , 2012

_____
By:    Ira L. Gottlieb
       Attorneys for SAG and SAG-AFTRA.


ALTSHULER BERZON LLP

DATED: May   , 2012

_____
By:    Jeffrey B. Demain


WASSERMAN COMDEN CASSELMAN
& ESENSTEN LLP

DATED: May 16, 2012

_____
By:    David Bruce Casselman.
       Attorneys for Plaintiffs .


101360151.1

288336.3
288336.3
288336.3
288336.2
288336.2
288336.2

Page 9 of 10

Approved as to Form and Substance:

BUSH GOTTLIEB SINGER LOPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

DATED: May 14, 2012

By:    Ira L. Gottlieb
       Attorneys for SAG and SAG-AFTRA.


ALTSHULER BERZON LLP

DATED: May 14, 2012

By:    Jeffrey B. Demain


WASSERMAN COMDEN CASSELMAN
& ESENSTEN LLP

DATED: May   , 2012


By:    David Bruce Casselman.
       Attorneys for Plaintiffs .


101360151.1

288336.3
288336.3
288336.3
288336.2
288336.2
288336.2

288336.1
288336.1
236701.2

Page 10 of 10

Attachment Page 18